IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW KEONI MURPHY, #A0721922, | ) ) ) | CIV. NO. 15-00022 LEK/RLP |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| SHERRI KIMOTO, TODD THOMAS, SGT. HOLLEY, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER TO SHOW CAUSE

Before the court is *pro se* Plaintiff Matthew Keoni Murphy's prisoner civil rights complaint. Compl., Doc. No. 1. Plaintiff is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. He names Department of Public Safety ("DPS") Contract Monitor Supervisor Sherri Kimoto, SCC Warden Todd Thomas, and SCC Disciplinary Hearing Officer Sgt. Holley as Defendants. Plaintiff claims that Defendants are responsible for the denial of his parole in 2013, by virtue of their participation in an earlier disciplinary hearing.

Plaintiff's Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim or comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is further ORDERED TO SHOW CAUSE why this action should not be transferred to the United States District Court for the District of Arizona.

## I.  BACKGROUND

Plaintiff raises three causes of action, each referring to an undated disciplinary hearing that was apparently held at SCC some time before Plaintiff was denied parole in 2013.  In Count I, Plaintiff simply states, "My rights to Due Process were violated," when Kimoto "knowingly allowed Sgt. Holley to violate my rights to Due Process & did nothing to correct it."  Doc. No. 1, Count I, PageID #5.  He asserts, "Due to Sherri Kimoto's negligence, my parole was denied in 2013 for a period of 2 years." *Id.*  Plaintiff repeats this claim verbatim in Count II, substituting Warden Thomas for Kimoto.  *See id.*, Count II, PageID #6.  In Count III Plaintiff states, "Sgt. Holley violated my rights to Due Process at my disciplinary hearing, resulting in the denial of parole in 2013. *Id.*, Count III, PageID #7. Plaintiff provides no further details.

Plaintiff requests compensatory and punitive damages, unspecified declaratory relief, and immediate release.  *Id.*, PageID #8.  Plaintiff also states that he has or will file a similar action in the District of Arizona.  *See* letter, Doc. No. 5, PageID #19 ("I attempted to file this claim in both Hawaii & Arizona, 1 Defendant from Hawaii, 2 from Arizona.")

## II. STATUTORY SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or

2

seek to proceed without prepayment of the civil filing fees.  *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a).  The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at §§ 1915(b)(2) and 1915A(b).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the complaint's defects.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.   DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

For the following reasons, Plaintiff's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(b)(2) and 1915(A)(b).  Plaintiff is granted leave to amend the Complaint on or before [INSERT DATE] to correct its deficiencies.

## A.  Rule 8 of the Federal Rules of Civil Procedure

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement" showing the court's jurisdiction, that the pleader is entitled to relief, and setting forth a demand for relief.  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.*  At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

Plaintiff provides no facts enabling the court or Defendants to determine when the alleged disciplinary hearing occurred, what the basis for and outcome of the proceeding was, what steps Plaintiff took thereafter, how Defendants each individually violated his rights to due process in relation to

this hearing, and how Defendants' actions negatively and illegally influenced his 2013 parole consideration by the Hawaii Paroling Authority. Because Plaintiff fails to allege sufficient facts to allow the court to understand his allegations or the circumstances surrounding his claims, the court cannot reasonably infer that Defendants violated his civil rights. Nor can Defendants defend against such claims.

**B.    Plaintiff's Claims for Declaratory and Injunctive Relief**

Plaintiff seeks immediate release for the remainder of his sentence.[1] Compl., Doc. No. 1, PageID #20. Such injunctive relief is unavailable in this civil rights suit. That is, because Plaintiff's request for injunctive relief seeks "immediate release from prison" or the "'shortening' of his term of confinement," this request actually challenges "the duration of his confinement," and he must raise this claim in a habeas petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (holding a claim that expressly attacks "the very duration of [a prisoner's] physical confinement . . . lies at the core of habeas corpus") (internal quotation marks omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *cf. Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a

---

[1] *See* Hawaii Statewide Automated Victim Information and Notification SAVIN service: https://www.vinelink.com/vinelink. (showing Plaintiff's scheduled release date as "03/26/2016").

prison condition will not necessarily shorten the prisoner's sentence."). Although Plaintiff may challenge the procedures used at his disciplinary hearing in this civil rights action, release from prison is not available as a remedy for this alleged violation of procedural due process. If successful here, the results of Plaintiff's disciplinary hearing may possibly be expunged, which may then support a challenge to Plaintiff's 2013 parole consideration via a petition for habeas corpus under 28 U.S.C. §§ 2241 or 2254, or be used as evidence before his next parole review hearing.

Plaintiff's non-specific request for declaratory relief is subsumed by his damages action. *See Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005) ("And because his claim for damages necessarily entails a determination whether the officers' alleged conduct violated his rights, his separate request for declaratory relief is subsumed by his damages action.").

## C.   Immunities

Plaintiff names Defendants in their individual and official capacities. Defendants named in their official capacities are not persons subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Further, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state

unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999)). The only exception is "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Id.* (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000); *see Ex parte Young*, 209 U.S. 123 (1908).

**D.   Due Process Requirements for Disciplinary Hearing**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum procedural requirements for prison disciplinary proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are

legally complex. *Id.* at 563–71.  As long as these five requirements are met, due process is satisfied.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

Plaintiff asserts no facts indicating how his due process rights were violated before, during, or after the undated disciplinary proceeding.

**E.  Venue In Hawaii**

When jurisdiction is not founded solely on diversity, such as civil rights actions brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Although Plaintiff was apparently convicted and sentenced in Hawaii, he is incarcerated in Arizona.  Plaintiff does not explain why he brings this action in Hawaii.  The disciplinary hearing about which he complains took place at SCC

8

in Arizona.  Defendants Warden Thomas and Sgt. Holley are employed at SCC, in Arizona.  The Defendants reside in Arizona (Thomas and Holley) and Hawaii (Kimoto).  Venue for Plaintiff's claims therefore lies in the District of Arizona, where SCC is located and the disciplinary hearing took place.  *See* 28 U.S.C. § 1391(b).  Plaintiff apparently recognizes that venue for this action may lie in Arizona, as he states that he has or intends to commence suit there raising the same claims presented here.

    If Plaintiff decides to amend his Complaint to cure the deficiencies noted above, he is ORDERED TO SHOW CAUSE why this action should not be transferred to the District of Arizona.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## IV.  **<u>LEAVE TO AMEND</u>**

    The Complaint is DISMISSED.  Plaintiff may file an amended complaint on or before **March 2, 2015**.  The amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's federal constitutional or statutory rights. Each claim and the involvement of each defendant must be sufficiently alleged.

9

If Plaintiff amends his Complaint, he must explain what Defendants personally did to violate his rights, what those rights are, when and where the action he sues over occurred, and why venue is proper in the District of Hawaii.

## V. <u>28 U.S.C. § 1915(g)</u>

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)" (emphasis in original)); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (finding a plaintiff who fails to amend his complaint after it is dismissed as incomprehensible under Rule 8, leaves the court "with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim") (cited with approval in *Knapp*, 738 F.3d at 1110).

If Plaintiff fails to comply with this Order, the court may, without further notice, dismiss this action for failure to state a claim or failure to comply with this Order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district

court may dismiss an action for failure to comply with any order
of the court).

## VI.   CONCLUSION

(1)   The Complaint is DISMISSED for failure to state a
claim for the reasons detailed above.  *See* 28 U.S.C.
§ 1915(e)(2)(b) & 1915A(b)(1).

(2)   Plaintiff is GRANTED leave to file an amended complaint
curing the deficiencies noted above on or before **March 2, 2015.**
Failure to timely amend the Complaint and cure its pleading
deficiencies will result in dismissal of this action for failure
to state a claim.

(3)   If Plaintiff decides to amend his Complaint, he is
Ordered to Show Cause on or before **March 2, 2015** why venue in
Hawaii, rather than Arizona, is proper.  In the alternative,
Plaintiff may voluntarily dismiss this action without prejudice
on or before **March 2, 2015.**

(4)   The Clerk is directed to mail Plaintiff court forms for
a prisoner civil rights complaint so that he can comply with the
directions in this Order.

IT IS SO ORDERED.

11

DATED: Honolulu, Hawaii, January 29, 2015.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Murphy v. Kimoto, et al.*, 1:15-cv-00022 LEK/RLP; scrg 2015; J:\PSA Draft Ords\LEK\Murphy 15-22 LEK (dsm ftsc R8).wpd